FERGUSON, Judge.
In 1980 a Tennessee trial court entered a judgment of dissolution of marriage awarding custody of the parties’ minor child to appellant and granting visitation rights to appellee. Later that year the wife and child moved to Florida and have been continually residing here since September, 1980. In April, 1981, the Tennessee court modified the husband’s visitation rights, so as to allow the child to visit his father in Tennessee during certain periods of each year. In September, 1982, an amended petition to establish foreign judgment and to modify child support and visitation provisions was filed by the wife in the Circuit Court for Dade County, Florida. After a hearing on the petition, the Florida court entered an order which held that although it has jurisdiction in the matter (presumably on the basis of Section 61.1308(l)(a)l, Florida Statutes (1981)), it declines to exercise that jurisdiction “until such time as said Court in Tennessee declines to entertain jurisdiction over the issues of custody and child support.” That order is the subject of this appeal.
On the same day that the Florida court entered its order on jurisdiction, the husband filed a petition for contempt of court and change of custody in the Tennessee circuit court. In response, the wife filed a motion to dismiss the petition for lack of subject matter jurisdiction. The Tennessee court’s order denying the motion to dismiss became the subject of an interlocutory appeal in which the Tennessee appellate court *1072 held that Florida is now the home state of the wife and child, and that Tennessee would no longer have jurisdiction for the purpose of modifying the original child custody order if the Florida court’s order declining to exercise jurisdiction were reversed.
The cooperative spirit expressed by both the Florida and Tennessee courts is commendable and is precisely what the Uniform Child Custody Jurisdiction Act seeks to engender. § 61.1304,. Fla.Stat. (1981). It is now clear, particularly owing to the ruling of the Tennessee appellate court, that there is no statutory impediment to the Florida court’s exercise of its jurisdiction to modify the child custody provision of the now domesticated Tennessee judgment. See § 61.1308(l)(a)l and § 61.-1314(1), Fla.Stat. (1981).
Remanded for further proceedings accordingly.